UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUBREY LYNN EADY,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>L. LARIVA Warden, THOMAS E. BAILEY  )<br>M.D., GARY S. ULRICH D.O.,  )<br>ASHLEY MATCHETT P.T.,  )<br>KIM KLINK AHSA, ERIC WILSON M.D.,  )<br>  )<br>  Defendants.  ) | Case No. 2:14-cv-00325-JMS-WGH |

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff Aubrey Lynn Eady, a prisoner at the Federal Correctional Institution in Terre Haute, Indiana, filed this civil action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). He alleges that the Warden and five medical care providers are deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He seeks injunctive relief and money damages.

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The plaintiff is assessed an initial partial filing fee of Forty Seven Dollars and Seventy-Seven Cents ($47.77). He shall have **through November 25, 2014,** in which to pay this sum to the clerk of the district court.

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### III.

As presented the complaint fails to state a plausible claim for relief against any defendant. The constitutional provision pertinent to Eady's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Specifically, the Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

Prison officials may exhibit deliberate indifference to a known condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir.2011); *Greeno v. Daley*, 414 F.3d 645, 653–54 (7th Cir. 2005). Prison officials might also show their deliberate indifference by delaying necessary treatment and thus aggravating the injury or needlessly prolonging an inmate's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). It is well-settled, however, that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer*, 511 U.S. at 835; *Mathis v. Fairman*, 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

A corollary to the element of deliberate indifference is that a defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555

F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

Given these principles of liability the claims against each of the named defendants are legally insufficient and must be dismissed. The court reaches this conclusion because there is no allegation that these defendants "acted with a sufficiently culpable state of mind." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). *See also Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Because the complaint fails to state a claim, it is dismissed pursuant to 28 U.S.C. § 1915A(b).

**IV.**

The dismissal of the complaint will not lead to the dismissal of the action at this time. Eady shall have **through November 25, 2014,** in which **to file an amended complaint** that states a viable claim for relief in light of the deficiencies noted in Part III of this Entry.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the amended complaint must identify what legal injury he claims to have suffered and which individuals are responsible for each such legal injury; and (d) the amended complaint shall contain a clear statement of the relief

that is sought. The amended complaint shall have the words "amended complaint" and the proper case number, 2:14-cv-00325-JMS-WGH, on the first page.

If no amended complaint is filed, the action will be dismissed in its entirety for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: October 31, 2014

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Financial Deputy Clerk

AUBREY LYNN EADY
10959-040
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808