UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUBREY LYNN EADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00325-JMS-WGH |
| ) | |
| GARY S. ULRICH D.O. and ERIC WILSON ) | |
| M.D., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Defendant Ulrich's Motion for Summary Judgment**

For the reasons explained below, defendant Gary S. Ulrich's motion for summary judgment [dkt. 39] must be granted.

**Discussion**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A factual dispute is 'genuine' only if a reasonable jury could find for either party." *Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, 599 (7th Cir. 2014) (citation and internal quotation marks omitted).

Eady alleges in his second amended complaint that Dr. Ulrich violated his Eighth Amendment rights under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendant Dr. Ulrich seeks resolution of the claims alleged against him through summary judgment. Plaintiff Aubrey Lynn Eady has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the version of the facts offered and supported in the motion for summary judgment. *Smith v. Lamz,*

321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

The undisputed facts demonstrate that Dr. Ulrich is a medical doctor who performed services at the Federal Correctional Complex in Terre Haute, Indiana, and examined and treated Eady in 2013 and 2015. Dr. Ulrich is employed by a private, non-governmental entity, UAP Clinic, LLC. Dr. Ulrich is not employed by the United States of America.

*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). But the claims against Dr. Ulrich cannot proceed because Dr. Ulrich is not a federal actor. A *Bivens* claim cannot be brought against a private entity or individual, even if it is a federal contractor. *See Minneci v. Pollard*, 132 S.Ct. 617, 623 (2012) (prisoner could not assert an Eighth Amendment *Bivens* claim for damages against private prison employees); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 66 & n. 2 (2001); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002).

Accordingly, Dr. Ulrich's motion for summary judgment [dkt. 39] is **granted.** Dr. Ulrich is entitled to judgment as a matter of law on the claims raised in the second amended complaint. This motion does not resolve all claims against all parties. No partial final judgment shall issue at this time.

**IT IS SO ORDERED.**

Date: January 22, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

AUBREY LYNN EADY
10959-040
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808