UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUBREY LYNN EADY, | ) |
|                  Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-00325-JMS-MJD |
| ERIC WILSON *M.D.*, | ) |
|                  Defendant. | ) |

**Entry Granting Defendant Dr. William Wilson's Motion for Summary Judgment**

In this civil rights action brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), defendant Dr. Wilson seeks resolution of the claims alleged against him through summary judgment. For the reasons explained in this Entry, Dr. Wilson's unopposed motion for summary judgment [dkt. 58] must be granted.[1]

### I. Undisputed Facts

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A factual dispute is 'genuine' only if a reasonable jury could find for either party." *Nichols v. Michigan City Plant Planning Dept.,* 755 F.3d 594, 599 (7th Cir. 2014) (citation and internal quotation marks omitted).

---

[1] The Court notes that the plaintiff's request for assistance recruiting counsel was granted to the extent that the Court would attempt to recruit counsel to represent the plaintiff in this action. Dkt. 56. The Court requested assistance from those attorneys who have volunteered to participate in the court's Civil Trial Assistance Panel, but no one was willing to accept this appointment.

Plaintiff Aubrey Lynn Eady has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the version of the facts offered and supported in the motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). The following facts are undisputed.

Eady is currently incarcerated at the Federal Correctional Institution in Terre Haute Indiana ("FCI Terre Haute"). In 2005, Eady injured his shoulder while lifting weights. To treat the shoulder injury, in 2013, Eady underwent an "Arthroscopic [S]ubacromial [D]ecompression" with "removal of [a] calcific deposit." (Docket No. 11 ¶ 7.) Eady claims that his shoulder has not fully healed, he has a loss of function, and he continues to experience pain.

The sole remaining defendant, Dr. William Wilson, is a Board Certified family practice physician who has been employed by the federal Bureau of Prisons ("BOP") since 2003. Since June 5, 2011, Dr. Wilson has served as the Clinical Director of the Federal Correctional Complex at Terre Haute, Indiana ("FCC Terre Haute"). As Clinical Director, Dr. Wilson facilitates medical care and treatment of inmates housed at FCC Terre Haute, including plaintiff Eady. Dr. Wilson, however, has not directly treated or provided care to Eady for the shoulder problems that form the basis of Eady's Second Amended Complaint.

Eady saw contract orthopedist Dr. Gary Ulrich on August 16, 2012. Dr. Ulrich recommended an "arthroscopically assisted right should decompression of subacromial space/acromioplasty" to treat Eady's chronic rotator cuff tendonitis. Dr. Ulrich performed Eady's

shoulder surgery on April 12, 2013. During the surgery, Dr. Ulrich diagnosed a "chronic impingement of right shoulder, calcific tendonitis" and a "type 3 to 4 SLAP tear," which he repaired. At Eady's post-operative follow up appointment on May 9, 2013, Dr. Ulrich noted that Eady's incision was "well healed," he had "[g]ood strength," and was "doing well."

On October 4, 2013, Eady reported to sick call and stated that he had reinjured his right shoulder at work. On November 8, 2013, Eady saw Dr. Joseph Bergeron regarding his shoulder pain. Dr. Bergeron ordered x-rays and physical therapy. Eady's November 12, 2013, x-ray was "[n]egative except for mild degenerative joint disease."

In April 2014, with Eady continuing to complain of shoulder pain, Dr. Bergeron ordered another x-ray, which was again "[n]egative except for mild degenerative joint disease." In May 2014, Dr. Bergeron ordered an MRI for a suspected biceps tendon tear. The MRI, which was performed on June 11, 2014, revealed a "[s]upraspinatus, infraspinatus and subscapularis tendinosis/tendonitis with partial thickness tear," "[p]ost-surgical changes," and "[d]egenerative changes . . . and an area of osteonecrosis."

In October 2014, with Eady's shoulder pain persisting, PA Daugherty placed a consultation request for Eady to see an orthopedic surgeon. Eady saw Dr. Ulrich on November 20, 2014. Dr. Ulrich noted that Eady had not responded to "conservative treatment" and accordingly recommended a "repeat arthroscopy, debridement of the right glenohumeral joint."

On March 9, 2015, Dr. Ulrich performed an "[e]xtensive debridement, arthroscopic acromioplasty, arthroscopic distal clavicle excision" of Eady's right shoulder. Dr. Ulrich diagnosed Eady with "[c]hronic impingement [and] osteoarthritis of the right shoulder." Eady concedes that his range of motion has improved after the March 2015 operation, but he maintains

that he has a loss of function and continuing pain. (Eady Dep. at 67 (stating "I still have pain. I still can't really lay on the right should right now. Can't throw . . . a softball.").).

Dr. Kevin Gebke, a Board Certified family practice physician, has reviewed Eady's medical records and opined that Eady's care was "medically appropriate and within the standard of care. Dr. Gebke also opined that Eady's shoulder impingement syndrome and osteoarthritis were neither caused, nor exacerbated, by the treatment provided by the defendants in this case.

Eady's only allegation regarding Dr. Wilson is that Dr. Wilson failed to diagnose him with bone spurs. This occurred sometime in 2012. (Docket No. 11 ¶¶ 4-6; see also Eady Dep. at 109 (stating that Dr. Wilson "should have told me what was wrong with me").).

## II. Discussion

The Entry of March 13, 2015, allowed the claim of deliberate indifference against Dr. Wilson to proceed as submitted. The constitutional provision pertinent to Eady's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Specifically, the Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

Dr. Wilson argues that he is entitled to judgment as a matter of law because Eady is complaining about incidents that occurred before October 28, 2012, such that those complaints are time-barred and because Dr. Wilson did not directly treat the shoulder problems that form the basis of Eady's Second Amended Complaint. These arguments is discussed below.

**A. Statute of Limitations**

Eady filed his original *Bivens* complaint in this action on October 28, 2014. (See Docket No. 1.) The statute of limitations for a *Bivens* action is determined in the same manner as an action brought pursuant to 42 U.S.C. § 1983. *See Hoosier Bancorp of Ind., Inc. v. Rasmussen*, 90 F.3d 180, 182 (7th Cir. 1996). In Indiana, the statute of limitations for a claim brought pursuant to § 1983 is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. Thus, Indiana's two-year statute of limitations applies to Eady's *Bivens* claim against Dr. Wilson. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Because Eady did not file suit until October 28, 2014, any incidents that occurred before October 28, 2012, are time-barred.

In this case, Eady complains about Dr. Wilson's failure to diagnosis his shoulder injury. Such circumstances necessarily occurred prior to Eady's appointment with orthopedist Dr. Gary Ulrich on August 16, 2012. At that time, the specialist reviewed Eady's complaints and recommended an "arthroscopically assisted right should decompression of subacromial space/acromioplasty" to treat Eady's chronic rotator cuff. It was appropriate for Dr. Wilson to rely on the specialist's diagnosis of Eady's injury. There is no evidence that Dr. Wilson evaluated or treated Eady's shoulder after he was evaluated by Dr. Ulrich on August 16, 2012.

### B. Personal Responsibility

Even if Eady's claims against Dr. Wilson were not barred by the statute of limitations, there is no evidence that Dr. Wilson was deliberately indifferent to Eady's bone spurs in 2012.

It is well-established that a *Bivens* action requires individual participation and involvement. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) ("[A] defendant cannot be liable under *Bivens* on the basis of respondeat superior or supervisory liability, rather, there must be individual participation and involvement by the defendant."); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994) ("The decisional law is clear that there must be individual participation and involvement by a defendant, and that the concept of respondeat superior cannot be the basis of [an Eighth Amendment claim]."). Because Dr. Wilson did not directly participate in treating the shoulder symptoms that Eady describes in his Second Amended Complaint, Dr. Wilson cannot be held liable in this *Bivens* suit. See *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id*.).

In addition, the expert opinion of Dr. Kevin Gebke (a non-party), is that Eady's care was "medically appropriate and within the standard of care" and Eady's shoulder impingement syndrome and osteoarthritis were neither caused, nor exacerbated, by the treatment provided by the defendants in this case.

Because Eady's constitutional rights were not violated the Court need not further consider Dr. Wilson's claim that he is entitled to qualified immunity.

### III. Conclusion

Dr. Wilson's motion for summary judgment [dkt. 58] is **granted.** The claims against him are barred by the statute of limitations. In addition, the evidence reflects that Dr. Wilson was not deliberately indifferent to Eady's serious medical needs.

This Entry resolves all claims against all parties. Judgment consistent with this Entry and the Entry of January 22, 2016, shall now issue.

**IT IS SO ORDERED.**

Date: <u>June 20, 2016</u>

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

AUBREY LYNN EADY
10959-040
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808